NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0294n.06

Case No. 18-3857

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Jun 21, 2021
DEBORAH S. HUNT, Clerk

GILBERTO GARCIA-ROMO,

    Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

ON PETITION FOR REVIEW FROM THE UNITED STATES BOARD OF IMMIGRATION APPEALS

OPINION

BEFORE: ROGERS, BUSH, and LARSEN, Circuit Judges.

JOHN K. BUSH, Circuit Judge. Gilberto Garcia-Romo is a noncitizen from Mexico. In his immigration proceedings Garcia-Romo conceded his removability, but he applied for discretionary cancellation of removal under 8 U.S.C. § 1229b(b). To qualify for cancellation of removal, a noncitizen must have been physically present in the U.S. for the ten years preceding his cancellation-of-removal application. 8 U.S.C. § 1229b(b)(1)(A). But that physical-presence period is deemed to stop when a noncitizen receives a proper notice to appear for his immigration proceeding. *Id.* § 1229b(d)(1).

Garcia-Romo received a purported notice to appear in two parts: he received a document entitled "Notice to Appear" that charged him as subject to removal; then, two months later, he received a second document providing the date and time of his hearing. *Garcia-Romo v. Barr*, 940 F.3d 192, 197 (6th Cir. 2019). The first time this case came before us, we held that the

combination of those two documents sufficed to stop Garcia-Romo's physical-presence period, which meant that he had not reached the ten-year requirement. *Id.* at 201, 205. In *Niz-Chavez v. Garland*, the Supreme Court reached the opposite conclusion for a petitioner who received a combination of documents similar to those that Garcia-Romo received. 141 S. Ct. 1474, 1486 (2021). The Court held that the government must provide a single document containing all of the information required by 8 U.S.C. § 1229(a) for the document to be a notice to appear and thus stop a noncitizen's physical-presence period. *Id.* So the Court vacated our decision in Garcia-Romo's case and remanded it to us. *Garcia-Romo v. Garland*, No. 19-1316, 2021 WL 1725158 (U.S. May 3, 2021).

*Niz-Chavez* makes clear that the combination of the two documents Garcia-Romo received did not trigger the stop-time rule. 141 S. Ct. at 1486. Because that was the basis for the decision of the Board of Immigration Appeals below, we grant Garcia-Romo's petition for review, vacate the BIA's decision, and remand for proceedings consistent with *Niz-Chavez*.